

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
IRA WASSERBERG, on his own behalf
and on behalf of all others similarly situated,

'07 CIV 11365

                  Plaintiff,

    -against-

RESORT RECOVERY SOLUTIONS, LLC.

                  Defendant.
--------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

JUDGE CEDARBAUM

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4.  Plaintiff (hereinafter "Ira Wasserberg") is a resident of the State of New York, New York County. On or about December 10, 2007, plaintiff received and came into contact with a collection letter from defendant at plaintiff's home address. **Exhibit A**.

5.  Defendant Resort Recovery Solutions, LLC is a California Limited Liability Company located at 5080 Shoreham Place, # 100, San Diego, California 92122. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6.  Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-20, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Resort Recovery Solutions, LLC.

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692e(14), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about December 10, 2007, defendant mailed a collection letter dated December 10, 2007 to Ira Wasserberg. The letter demanded payment of a debt allegedly owed by plaintiff for a Time Share. The letter demanded payment by December 31, 2007 and failed to include the thirty day dispute notice mandated by 15 U.S.C. § 1692g. **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The collection letter violated numerous provisions of the FDCPA by failing to notify the consumer of his right to dispute the validity of the debt and the right to demand verification of the debt as provided by 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

18. The collection letter further violated the FDCPA, by attempting to collect a debt within the boundaries of the City of New York absent a New York City Department of Consumer Affairs collection agency license.

19. Defendant's Notice is deceptive as provided by 15 U.S.C. § 1692e(14), by the use of a company name other than the true name of the company.

20. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: December 18, 2007
       Uniondale, New York

                                    Abraham Kleinman (AK-6300)
                                    KLEINMAN LLC
                                    626 RexCorp Plaza
                                    Uniondale, New York 11556-0626
                                    Telephone  (516) 522-2621
                                    Facsimile  (888) 522-1692

**Exhibit A**

Resort Recovery Solutions, Inc.     "The Professional's Choice"
PO Box 880772
San Diego, CA. 92168-0772
Telephone: 858-784-3500
Fax:       858-784-3542

## THIS HAS BEEN SENT TO A COLLECTION AGENCY

Ira Wasserberg                                December 10, 2007
510 E. 86th St. #7C
New York, NY. 10028

**Client:** Club Cala – Maintenance Fees / Special Assessments
**Account#** 14979-18833
**Client Ref#** 290-4446

"After further review of your account, this letter is to offer upon receipt of the settlement in full; your account will be pre-approved as settled in full to cancel your membership. Once the amount below is received, we will notify the client to send out the final **VOLUNTARY SURRENDER DOCUMENTS** to finalize your request to cancel. Your account with the client referenced above will be considered an approval as a general release of all obligations to release and cancel your contract of any ongoing fees to your account. The arrangements are as follows...

**"$ 3210.69 MUST BE "RECEIVED" NO LATER THAN December 31, 2007**

THE DEBTOR AGREES TO A MUTUAL AND GENERAL REALEASE OF ALL OBLIGATIONS TO THE ORIGINAL CONTRACT. ALL RIGHTS AND SERVICES TO THE ORIGINAL CONTRACT WILL BE TERMINATED AS OF THE DATE OF THE BALANCE PAID IN FULL.

Please sign and date the bottom portion of this letter. Keep a copy for you records. Please send the signed original back to RRS as a confirmation of acceptance to this letter attached with the balance in full.

If you have any further questions, feel free to call (858) 784-3500 ext. 1104.

Regards,

Cheri Lynn
COLLECTION MANAGER
cheri@resortrecovery.com

By:_____        By:_____
Date:_____        Date:_____
Signed:_____        Signed:_____

This is an attempt to collect a debt; any information obtained will be used for that purpose.