



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | SHAWN D. FABIAN<br>Assistant Corporation Counsel<br>E-mail: shfabian@law.nyc.gov<br>Phone: (212) 788-0906<br>Fax: (212) 788-9776 |

**MEMO ENDORSED**

January 10, 2008

**BY HAND**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

      Re:    Joseph Brown v. City of New York, et al., 07 Civ. 11356 (DLC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York.[1] I write with respect to the above-referenced matter in which plaintiff alleges that he was falsely arrested, maliciously prosecuted, unlawfully strip searched and that excessive force was used against him. Defendant City respectfully requests an enlargement of time to answer or otherwise respond to this complaint from January 7, 2008 until March 10, 2008. Defendant City further apologizes for the lateness of this request as this case was only recently received by my division. Plaintiff's counsel, Richard J. Cardinale, Esq., consents to this request.

---

[1] Upon information and belief, the individually named defendants have not yet been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendants. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

Furthermore, as plaintiff alleges injury, our office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records concerning treatment received as a result of the alleged incident so that defendant City can access the information, properly assess the case, and respond to this complaint.

No previous request for an extension has been made by defendant City. Accordingly, defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended to March 10, 2008.

Thank you for your consideration herein.

*Granted.*
*Denise Cote*
*January 18, 2008*

Respectfully submitted,

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Richard J. Cardinale, Esq. (By First Class Mail)
Cardinale & Marinelli
Attorneys for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242

| ECF NOTICE TO BE SENT TO: | COPIES MAILED TO: |
|---|---|
| Richard J. Cardinale | Shawn D. Fabian<br>Assistant Corporation Counsel<br>The City of New York Law Department<br>100 Church Street<br>New York, NY 10007 |