UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH BROWN,

                                    **Plaintiff,**

              -against-

THE CITY OF NEW YORK, DETECTIVE ANDREY
SMIRNOV, UNDERCOVER POLICE OFFICER
#29443, LIEUTENANT SEAN TAYLOR,

                                 **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, ANDREY SMIRNOV AND SEAN TAYLOR**

07 Civ. 11356 (DLC)

JURY TRIAL DEMANDED

          Defendants City of New York ("City"), Detective Andrey Smirnov ("Smirnov") and Lieutenant Sean Taylor ("Taylor"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.[1]

          1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

          2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

          4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] By letter dated March 10, 2008, under separate cover, the undersigned respectfully requested an enlargement of time until March 24, 2008 for defendant Undercover Police Officer #29443 to answer or otherwise respond to plaintiff's complaint, as this office continues in its efforts to determine whether we may represent this individually named defendant.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Andrey Smirnov is a member of the New York City Police Department, and further admit that plaintiff was arrested on May 9, 2007.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Sean Taylor is a member of the New York City Police Department, and further admit that plaintiff was arrested on May 9, 2007.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was taken to the 60th Precinct.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants City, Smirnov and Taylor repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants City, Smirnov and Taylor repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

31. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

32. Defendants City, Smirnov and Taylor have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

33. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, Smirnov or Taylor.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

35. Defendants Smirnov and Taylor have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

36. At all times relevant to the acts alleged in the complaint, defendants Smirnov and Taylor acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

37. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

38. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

39. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

40. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City, Smirnov and Taylor request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 10, 2008

>               MICHAEL A. CARDOZO
>               Corporation Counsel of the
>                 City of New York
>               Attorney for Defendants City, Smirnov and Taylor
>               100 Church Street
>               New York, New York 10007
>               (212) 788-0906
>
>               By:          /s/
>                    Shawn D. Fabian (SF4606)
>                    Assistant Corporation Counsel
>                    Special Federal Litigation Division

To:   Richard J. Cardinale, Esq. (By ECF and First Class Mail)
      Cardinale & Marinelli
      *Attorneys for Plaintiff*
      26 Court Street, Suite 1815
      Brooklyn, New York 11242

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On March 10, 2008, I served the annexed "**ANSWER OF DEFENDANTS CITY OF NEW YORK, ANDREY SMIRNOV AND SEAN TAYLOR**," upon Richard J. Cardinale, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Richard J. Cardinale, Esq.
> Cardinale & Marinelli
> 26 Court Street, Suite 1815
> Brooklyn, New York 11242

being the address designated by plaintiff for that purpose.


Dated: New York, New York
       March 10, 2008

                                                    /s/
                                          SHAWN D. FABIAN
                                          ASSISTANT CORPORATION COUNSEL